## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Personalized Brokerage Services, LLC. | Civil No. 05-01663 PAM/FLN |
| Plaintiff, | |
| v. | **THIRD PARTY DEFENDANT ALLIANZ AG, a/k/a ALLIANZ AG HOLDING, a/k/a ALLIANZ GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |
| Charles Lucius, | |
| Defendant and Third Party Plaintiff, | |
| Insurance Formology, LLC, Agency Backbone, LLC, and Independent Brokerage, LLC, | |
| Defendants, | |
| v. | |
| Allianz AG, a/k/a Allianz AG Holding, a/k/a Allianz Group, | |
| Third Party Defendant. | |

## I.  INTRODUCTION

Allianz AG is a German corporation that does not conduct business in Minnesota.[1]

Allianz AG has no connection to the present matter other than the fact that Allianz AG

owns a company, which owns another company, which owns Plaintiff Personalized

Brokerage Services, LLC ("PBS").  Indeed, there is not even a single factual allegation

anywhere in the Third Party Complaint that Allianz AG did anything improper.  In short,

there was no legitimate reason to name Allianz AG as a third party defendant here.

---

[1] Plaintiff sued Allianz AG "a/ka Allianz AG Holding, a/k/a Allianz Group" but neither "Allianz AG Holding" nor "Allianz Group" is a legal entity capable of being sued.

The Third Party Complaint should be dismissed as a matter of law because: (1) Allianz AG has not been properly served under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"); (2) Minnesota does not have personal jurisdiction over Allianz AG; (3) the Third Party Complaint does not allege any facts that would entitle Third Party Plaintiff to relief against Allianz AG; and (4) Third Party Plaintiff's claim under the Sarbanes-Oxley Act is time-barred as a matter of law.

## II.  STATEMENT OF FACTS

1.      PBS is a Kansas limited liability corporation with its principal place of business in Topeka, Kansas.  Third Party Complaint at ¶ 2.

2.      PBS is a marketing organization for annuity, life and long-term insurance care products.  Third Party Complaint at ¶ 5.

3.      Defendant and Third Party Plaintiff Charles Lucius ("Lucius") was hired by PBS on April 17, 2000 and became its President/Chief Operating Officer on May 15, 2000.  Third Party Complaint at ¶¶ 10-11.

4.      Since March 17, 2000, PBS has been a wholly-owned subsidiary of Allianz Individual Insurance Group, LLC ("AIIG"), a Minnesota limited liability company. Third Party Complaint at ¶ 3.

5.      AIIG is wholly owned by Allianz Life Insurance Company of North America ("Allianz Life").  Third Party Complaint at ¶ 3.

6.      Allianz Life is wholly owned by Third Party Defendant Allianz AG.  *Id.*

7.      Lucius alleges that "PBS abruptly terminated" Lucius by forcing him to resign on June 8, 2005.  Third Party Complaint at ¶¶ 58-60.

8.       On August 4, 2005, PBS commenced the present action against Lucius and his companies, Insurance Formology, LLC; Agency Backbone, LLC; and Independent Brokerage, LLC for, *inter alia*, employee raiding and misappropriation of trade secrets.

9.      On September 2, 2005, Lucius filed an Administrative Complaint for retaliatory discharge with the Occupational Safety and Health Administration ("OSHA"), naming PBS; Allianz Life; US Allianz Securities, Inc.; Pat Foley, a representative of Allianz Life; and "other company representatives" as named persons.  Affidavit of Julie H. Firestone ("Firestone Aff."), Exhibit 1.

10.      The September 2nd Administrative Complaint did not name or include any allegations regarding Allianz AG.  *Id.*

11.      On September 12, 2005, Lucius wrote a "clarification" to his Administrative Complaint, in which he stated for the first time that "This complaint is against the parent, Allianz AG, as well as the intermediate entity."  Firestone Aff., Ex. 2.

12.      On April 13, 2006, Lucius filed a Third Party Complaint against Allianz AG in the present matter, asserting a claim for Wrongful Termination under the Sarbanes-Oxley Act.

13.      Lucius alleges that he was forced to resign from PBS for aiding the NASD in its investigation of PBS.  Third Party Complaint at ¶¶ 44, 51.

14.      The only allegations in the Third Party Complaint that refer to alleged conduct by Allianz AG are contained in Paragraph 47, which alleges that "Prior to being

deposed by the NASD, Allianz Life arranged for Lucius to rehearse his deposition testimony with Allianz attorneys in Atlanta, Georgia;" in Paragraph 48, which alleges that a certain individual, who was not employed by Allianz AG, told Lucius "that the Allianz Senior Management had held a meeting about [Lucius] and 'wondered whose team [Lucius was] on.;" and in Paragraphs 59 and 60, which allege that "eight Allianz representatives" flew to Topeka, Kansas and were present at a meeting with Lucius at which PBS allegedly terminated Lucius's employment.  Third Party Complaint at ¶¶ 47-48 & 59-60.[2]

15.     Allianz AG is a German corporation with its principal place of business in Munich, Germany.  Declaration of Costanza Loser ("Costanza Loser Dec.")[3] at ¶ 3.

16.     Allianz AG is not licensed or authorized to transact business in Minnesota. Costanza Loser Dec. at ¶ 4.

17.     Allianz AG has no office in Minnesota and it maintains no permanent officers, directors, or employees within Minnesota.  Costanza Loser Dec. at ¶¶ 5-7.

---

[2] The allegations about the meeting in Paragraphs 59 and 60 are irrelevant because Lucius' Third Party Complaint clearly alleges that it was PBS (and not Allianz AG) that allegedly terminated him.  Third Party Complaint at ¶¶ 58 ("PBS abruptly terminated Third Party Plaintiff"), 61 ("PBS terminated Third Party Plaintiff"), 67 ("PBS violated 18 U.S.C. § 1514A).

[3] The Court is entitled to consider the declaration submitted by Allianz AG for purposes of determining whether there is personal jurisdiction over Allianz AG.  *QA1 Precision Prods. v. Impro Indus. USA*, No. 04-23 (DWF/SRN), 2005 U.S. Dist. LEXIS 16323, at *18 (D. Minn. Aug. 4, 2005) ("When considering whether personal jurisdiction exists, the court may consider matters outside the pleadings; the court may inquire, by affidavits or otherwise, into the facts as they exist.") (Firestone Aff., Ex. 4).

18.     Allianz AG does not own, lease, or rent any real property in Minnesota. Costanza Loser Dec. at ¶ 6.

19.     Allianz AG does not maintain any telephone listings or bank accounts in Minnesota.  Costanza Loser Dec. at ¶¶ 8-9.

20.     No one in Minnesota is generally authorized to accept service of a summons or complaint on behalf of Allianz AG.  Costanza Loser Dec. at ¶ 12.

21.     Allianz AG has not been served with the Summons and Third Party Complaint in this matter at its office in Germany pursuant to procedures specified by the Hague Service Convention.  Costanza Loser Dec. at ¶ 13.

22.     Instead, on or about April 13, 2006, a process server purported to execute service by handing a copy of the Summons and Third Party Complaint to Erik A. DeLong, a paralegal associate employed by Fireman's Fund Insurance Company ("Fireman's Fund") in Novato, California.  Declaration of Erik A. DeLong ("DeLong Dec.") at ¶ 4.

23.     Although Mr. DeLong is authorized to accept service on behalf of Fireman's Fund, he is not authorized to accept service on behalf of Allianz AG.  DeLong Dec. at ¶¶ 3-5; Costanza Loser Dec. at ¶ 13.

24.     The process server did not inform Mr. DeLong that the process server was attempting to serve Allianz AG rather than Fireman's Fund.  DeLong Dec. at ¶ 4.  Mr. DeLong did not tell the process server that he was authorized to accept service on behalf of Allianz AG, and did not know that the papers were for Allianz AG until he had a

chance to review them after the process server had already left the premises.  DeLong Dec. at ¶¶ 4-5.

### III.  ARGUMENT

**A.    Lucius' Purported Service of Process on Allianz AG Was Ineffective.**

Under Minnesota Rules of Civil Procedure, a domestic or foreign corporation may be served "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons…"  Minn. R. Civ. P. 4.03(c).  Personal service may be made outside the state of Minnesota.  Minn. R. Civ. P. 4.04(b).  However, service of process in a manner not authorized by the rules is ineffective.  *Tullis v. Federated Mutual Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).

In this case, Lucius purported to serve Allianz AG, a German corporation, by serving Erik A. DeLong, an employee of Fireman's Fund Insurance Company, in California.  As set forth in the declarations of Mr. DeLong and Costanza Loser, however, Mr. DeLong had no authority to accept service of process for Allianz AG.  DeLong Dec. at ¶ 5; Costanza Loser Dec. at ¶ 13.  Even if Mr. DeLong had erroneously represented that he was authorized to accept service of process on behalf of Allianz AG -- which he did not -- Lucius could not rely upon that representation.  *Larson v. New Richland Care Center*, 520 N.W.2d 480, 482 (Minn. Ct. App. 1994) (attorney may not rely on employee's claim that she is authorized to accept service, but must examine law to determine who is authorized).  Nor does it have any relevance that Allianz AG received notice of the suit from the ineffective service.  *Tullis*, 570 N.W.2d at 311.

As detailed above, Allianz AG is a German corporation with its principal place of business in Munich, Germany. Costanza Loser Dec. at ¶ 3. The United States and Germany are both parties to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention").[4]

The Supremacy Clause in the United States Constitution binds this and every other court in the United States to treat the Hague Service Convention as the "supreme law of the Land." U.S. Const. art VI, cl. 2; *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("By virtue of the Supremacy Clause…the [Hague Service] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.")

There is no question that the Hague Service Convention applies to this case since Article 1 of the Convention provides that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Firestone Aff. Ex. 1 at IC-1; *see also In re Baycol Products Litigation*, No. 1431 (MJD/JGL), 2003 U.S. Dist. LEXIS 26846, at *10 (D. Minn. Feb. 25, 2003) ("The law is clear that the Hague Convention applies in 'all cases, in civil or commercial matters, where there is occasion to transmit a judicial or

---

[4] The text of the Hague Service Convention is attached as Exhibit 3 to the Firestone Affidavit. The Hague Service Convention is also published as an Appendix to Rule 4 of the Federal Rules of Civil Procedure, and it is bound with other treaties to which the United States is a party at 20 U.S.T. 361-67.

extrajudicial document for service abroad.'") (citing *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at  699) (Firestone Aff., Ex. 5).

For service to be effective against a German corporation like Allianz AG, service of process must be performed through Germany's designated central authority and translated into German.   *Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989) is on point.   In *Bankston*, the plaintiff first attempted to serve a Japanese corporation by serving a California subsidiary of the company and then sought to serve the Japanese corporation by mailing the summons and complaint by registered mail and without translating the documents into Japanese; the Eighth Circuit affirmed the district court's holding that neither of these attempts to serve the Japanese corporation were effective and that plaintiff would have to serve the Japanese corporation pursuant to the Hague Service Convention.  *Id.* at 172-74.   *See also In re Baycol Products Litigation*, 2003 U.S. Dist. LEXIS 26846, at *12-13 (holding that German corporation was not properly served where there was no evidence that the summons and complaint were sent to the appropriate central authority); *Froland v. Yamaha Motor Co.*, 296 F.Supp. 2d 1004 (D. Minn. 2003) (holding that compliance with the Hague Service Convention was required, and that compliance would require plaintiff to translate complaint and summons and effect service via the relevant central authority).

Accordingly, as Allianz AG has not been properly served, the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5).

**B.**   **Minnesota Does Not Have Personal Jurisdiction Over Allianz AG.**

The burden is on Lucius to demonstrate sufficient minimum contacts for the exercise of personal jurisdiction. *Bible & Gospel Trust v. Wyman*, 354 F. Supp. 2d 1025, 1028 (D. Minn. 2005). Lucius can only meet his burden with competent evidence, not allegations. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977) (explaining that party asserting jurisdiction must come forth with some evidence that jurisdiction may be found).

In determining whether it has personal jurisdiction over a nonresident defendant like Allianz AG, the Court must ask if (1) the Minnesota long-arm statute is satisfied, and (2) the exercised jurisdiction over the nonresident defendant would violate the Due Process Clause. *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 613-14 (8th Cir. 1998). Minnesota's long-arm statute has been interpreted to extend jurisdiction over non-resident defendants to the fullest degree allowed by the Due Process Clause. *Id.* at 614.

In order to exercise personal jurisdiction over a non-resident defendant, due process requires that such a defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant does not offend "traditional notions of fair play and substantial justice." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The non-residents defendant's conduct in connection with the forum state much be such that "he should reasonably anticipate being haled into court there." *Id.* (citing *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980)). In assessing the defendant's reasonable anticipation, it is essential that there be

some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). The "'purposeful availment' requirement insures that a defendant will not be haled into a jurisdiction solely as a result of a 'random,' 'fortuitous,' or 'attenuated' contacts of the 'unilateral activity of another party or a third person.'" *Id.* at 693-94 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

This circuit applies a five-factor test in analyzing the constitutional requirements needed for personal jurisdiction:

(i)     The nature and quality of the contacts with the forum state;

(ii)    The quantity of contacts with the forum;

(iii)   Relation of the cause of action to these contacts;

(iv)    The interest of the forum state in providing a forum for its residents; and

(v)     The convenience of the parties.

*Id.* at 694; *Bible & Gospel Trust*, 354 F. Supp. 2d at 1028.

## 1.    Quantity of Contacts

Allianz AG has no direct contacts with Minnesota. Allianz AG is a German stock corporation organized and existing under the laws of Germany, with its principal place of business in Munich, that operates as a reinsurer from its offices outside the United States. Costanza Loser Dec. at ¶ 3. Currently, and at least in the last ten years, Allianz AG is not licensed to do business or admitted to transact insurance business in Minnesota, nor does Allianz AG maintain an office or any officers, directors, or employees in Minnesota. *Id.*

at ¶¶ 4-7.  Allianz AG does not maintain any telephone listings or bank accounts within Minnesota.  *Id*. at ¶¶ 8-9.

Allianz AG's only purported "contacts" with Minnesota are its indirect ownership of the stock of Allianz Life, its reinsurance contract with Minnesota Life Insurance Company and its former reinsurance contract with Allianz Life.   *Id*. at ¶¶ 10-11.  As discussed below, these "contacts" are insufficient to establish jurisdiction over Allianz AG.

### 2.    Nexus Between the Cause of Action and the Contacts

This factor relates to whether the defendant's contact with the forum arises out of or relates to the plaintiff's claims − *i.e.* a determination of whether specific or general jurisdiction applies.  *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).  "*Specific jurisdiction*" exists when the cause of action arises out of or is related to the defendant's contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).  "*General jurisdiction*" arises when a defendant has "substantial…continuous and systematic" contacts with the forum. *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437, 445-46 (1952).

Lucius's claims lack any relation to Allianz AG's contacts with the forum.  The cause of action in this case − wrongful termination − arises from a Kansas employee's alleged termination from a Kansas company.  *See* Third Party Compl. at ¶¶ 1, 2, 11, 58-63.  Regarding Allianz AG, Lucius alleges only that (1) Allianz AG attorneys met with him in Atlanta, Georgia before his NASD testimony, (2) an individual − not employed by Allianz AG − told Lucius "that the Allianz Senior Management had held a meeting about

[Lucius] and 'wondered whose team [Lucius was] on,'" and (3) Allianz AG representatives were allegedly present at a meeting in Topeka, Kansas in which Lucius's employment was allegedly terminated by PBS.  Third Party Complaint at ¶¶ 47-48, 59-60.  Lucius cannot rely on these *allegations* to try to establish jurisdiction, because *evidence* is required.  *Aaron Ferer & Sons Co.*, 564 F.2d at 1215.  And even if Lucius could adduce such evidence it would only show contacts with Georgia and Kansas, not with Minnesota.  In short, there is no basis for this Court to exercise specific jurisdiction over Allianz AG.

To establish jurisdiction over Allianz AG, Lucius would have to establish *general* jurisdiction, a hurdle Lucius will not be able to overcome because Allianz AG has no "substantial…continuous and systematic" contacts with Minnesota.  *Perkins*, 342 U.S. at 445-46; *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 415-16 (holding no jurisdiction over Peruvian entity where it sent CEO to negotiate contract in forum state, accepted checks drawn from an account in forum state, bought helicopters and equipment in the forum state and had its personnel undergo training there).

### 3.    Nature and Quality of Contacts

Allianz AG's contacts with Minnesota are insufficient to exercise general personal jurisdiction.  Lucius's only jurisdictional allegation relating to Allianz AG's purported contacts with Minnesota is its mere ownership of Allianz Life Insurance Company of America.  Third Party Compl. at ¶ 3.  Mere ownership of a corporation located in the forum state does not constitute the type of contacts required to exercise jurisdiction.  *QA1 Precision*, 2005 U.S. Dist. LEXIS 16323, at *13.

When the defendant is a non-resident parent corporation, "personal jurisdiction can be based on the activities of the nonresidents corporation's in-state subsidiary…only if the parent corporation so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." *Epps v. Stewart Information Services, Corp.*, 327 F.3d 642, 648-50 (8th Cir. 2003) (dismissing case for lack of jurisdiction where defendant owns subsidiary because "mere ownership of [subsidiary] is too distant and limited a contact with [the forum state]"). Therefore, "a court's assertion of jurisdiction is contingent on the ability of the plaintiffs to pierce the corporate veil." *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 638 (8th Cir. 1975).

Here, Lucius does not allege any theory to tie Allianz AG to the activities of its indirect subsidiary, nor can he. Allianz AG is not, and has not been, involved in Allianz Life's day-to-day operations. *See* Costanza Loser Dec. at ¶ 10. In turn, Allianz AG is not, and has not been, involved in the day-to-day operations of Allianz Life's subsidiaries domiciled in Minnesota. *Id*. Thus, the nature and quality of Allianz AG's indirect ownership of Allianz Life is insufficient to attribute any of Allianz Life's contacts to Allianz AG.

In short, there are no facts that would permit the exercise of personal jurisdiction over Allianz AG in Minnesota. Allianz AG is neither licensed to do business nor admitted to transact insurance business in Minnesota, and has not been so licensed in the past 10 years. Costanza Loser Dec. at ¶ 4. Allianz AG does not have an office, bank

accounts, telephone listings, or real property in Minnesota, nor does it permanently have any officer, director, employee within Minnesota. *Id.* at ¶¶ 5-9. For less than two years, Allianz AG has maintained a reinsurance contract with Minnesota Life Insurance Company that reinsures only two of its clients. *Id.* at ¶ 11. Prior to its current contract with Minnesota Life Insurance Company, Allianz AG had a reinsurance contract with Allianz Life Insurance Company of North America. *Id.*

These contracts provide no basis for the exercise of general personal jurisdiction, as "simple commercial contracts" unrelated to the claims are insufficient to establish personal jurisdiction. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1103 (8th Cir. 1996). *See also Lorix v. Crompton Corp.*, 680 N.W.2d 574, 581-83 (Minn. Ct. App. 2004) (defendant's sale of its products to two Minnesota companies that occurred over a period of several years, was not substantial enough for the forum to justify the exercise of general jurisdiction); *Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 776 (D. Minn. 1994) (finding nine-year history of sales to customers in the forum fell "well short" of the quantity and quality of contacts needed to be considered 'continuous and systematic').

Given that these are reinsurance contracts, however, there is even less of a basis for general personal jurisdiction. After all, a reinsurance contract is an agreement for the allocation of intangible risks rather than a contract for the manufacture, sale or distribution of goods. Courts therefore reject the idea that a reinsurance contract with a forum resident provides a basis for general personal jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 794-97 (6th Cir. 1996) (holding that reinsurance

contracts with forum residents did not amount to continuous and systematic business to render the defendant amenable to personal jurisdiction); *Fields v. Sedgwick Associated Risks, Ltd*., 796 F.2d 299, 302 (9th Cir. 1986) (holding no general jurisdiction existed over underwriter of insurance and reinsurance policies originating in forum state).

There is no basis for this Court to establish general personal jurisdiction over Allianz AG based on the nature and quality of Allianz AG's purported contacts with Minnesota.  Indeed, it would be particularly unreasonable to subject a foreign corporation like Allianz AG to jurisdiction in Minnesota.  The Supreme Court has held that the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

### 4.    Minnesota's Interest in Providing a Forum

This case involves the employment relationship between a Kansas resident and his employer, another Kansas resident.  Counterclaim at ¶¶ 1-3; Third Party Compl. at ¶¶ 1-2.  Lucius affirmatively alleges that Kansas, not Minnesota is the appropriate forum for this case.  Answer ¶ 6.  Lucius's claim against Allianz AG has no relationship to Minnesota, and the Minnesota state or federal courts' interest in providing a forum for this case is nonexistent.  Moreover, Allianz AG's limited contacts with Minnesota do not amount a purposeful availment of the benefits and protections of its laws.  *See Lorix*, 97 F.3d at 1103.  As a result, this factor weighs in favor of dismissal.

### 5.    Convenience of the Parties

This factor weights in favor of dismissal.   Allianz AG is a German stock corporation with its principal place of business in Munich, Germany.  Costanza Loser Dec. at ¶ 3.  Allianz AG is not involved in the allegations of the Third Party Complaint. Lucius is a Kansas resident whose only alleged interaction with Allianz AG occurred in Kansas and Georgia.   Third Party Compl. at ¶¶ 1, 47 & 59-60.   Indeed, Lucius affirmatively alleges that Minnesota is an improper jurisdiction or venue for this case. Answer ¶ 6.

This Court should dismiss the Third Party Complaint with prejudice since there is no basis in law or fact to establish personal jurisdiction over Allianz AG.

## C.    **The Third Party Complaint Fails To State A Claim For Relief.**

### 1.    Standard of Review

It is well-established that, when ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Young v. City of St. Charles, Missouri*, 244 F.3d 623, 627 (8th Cir. 2001).   "Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Id.*   Thus, "the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal."  *DuBois v. Ford Motor Credit Company*, 276 F.3d 1019, 1022 (8th Cir. 2002).  Lucius's Third Party Complaint fails this standard.

2.      **The Complaint Includes No Allegations of Wrongdoing Against Allianz AG.**

The Sarbanes-Oxley Act provides that no company, nor any "officer, employee, contractor, subcontractor, or agent of such company" shall do the following:

> discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee….

18 U.S.C. § 1514A(a).

In his claim for Wrongful Termination under the Sarbanes-Oxley Act, Lucius alleges that "PBS violated 18 U.S.C. § 1514A when it discriminated against Third Party Plaintiff in the terms and conditions of his employment because he participated in certain protected activity related to the many violations of federal laws by PBS and Allianz Life."   Third Party Complaint at ¶ 67 (emphasis added).   The claim contains no allegations of wrongdoing by Allianz AG.

The Third Party Complaint does not allege that Allianz AG ever committed any of the conduct proscribed by the statute.   Lucius does not claim that Allianz AG ever hired him, supervised him, or exercised any control over him whatsoever.   Rather, the Third Party Complaint alleges that "PBS abruptly terminated Third Party Plaintiff without notice or severance."[5]   Third Party Complaint at ¶ 58 (emphasis added).   Thus, the Third Party Complaint fails to assert a viable claim against Allianz AG under Sarbanes-Oxley. *See*, *e.g.*, *Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1268 (8th Cir. 1987) (claim

---

[5] Lucius has asserted a counterclaim against his former employer, PBS, for retaliatory discharge.  That claim is currently pending.

against parent for alleged employment discrimination by its subsidiary "fails as a matter of law" where there is no evidence linking the parent to any of the individual employment decisions of the subsidiary); *H.J., Inc. v. International Telephone & Telegraph Corp.*, 867 F.2d 1531, 1549 (8th Cir. 1989) (parent corporation not liable for alleged wrongdoing of its subsidiary in the absence of evidence of participation or influence in the alleged wrongdoing); *Piekarski v. Home Owners Sav. Bank*, 759 F.Supp. 542, 546 (D. Minn. 1991) (parent corporations were not liable for retaliatory discharge of employee by subsidiary where there was no evidence that parents were "personally involved in the termination" of the plaintiff).

Indeed, the only connection Allianz AG has to the alleged wrongdoing claimed by Lucius is that Allianz AG is merely the parent of the parent of PBS. Of course, it is well-established that a parent is legally distinct from its subsidiary. *H.J., Inc.*, 867 F.2d at 1549. In order for a parent to be held liable for the alleged actions of its subsidiary (here, the subsidiary of its subsidiary), the parent must be held to be the "alter ego" of the subsidiary, or it must be shown that the subsidiary was a "sham" corporation, formed to shield the parent from liability. *Id*. The Third Party Complaint makes no such allegations.

There are no allegations of wrongdoing by Allianz AG, nor any alleged basis to hold Allianz AG for the alleged wrongdoing of others. With no allegations to support a cause of action against Allianz AG, the Third Party Complaint must be dismissed as a matter of law.

### 3.      The Sarbanes-Oxley Claim is Time-Barred.

The Sarbanes-Oxley Act requires that, before filing an action in federal court, an individual who alleges a violation of the Act must first seek relief by filing a complaint with the Secretary of Labor within 90 days of the alleged violation.  18 U.S.C. 1514A(b); 29 C.F.R. § 1980.103 (2005).  "In other words, before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with [OSHA] and afford OSHA the opportunity to resolve the allegations administratively."  *Hanna v. WCI Cmtys., Inc.*, 348 F.Supp.2d 1322, 1326 (S.D. Fla. 2004).  Where an employee fails to meet this procedural requirement, the federal complaint is properly dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Radu v. Lear Corp.*, No. Civ. 04-40317, 2005 WL 2417625, at *2 (E.D. Mich. Sept. 30, 2005) (Firestone Aff., Ex. 6).

Here, Lucius alleges that he was terminated by PBS on June 8, 2005.  On September 2, 2005, or within the 90 days, Lucius filed an Administrative Complaint for retaliatory discharge with OSHA.  However, the Administrative Complaint named only PBS; Allianz Life; US Allianz Securities, Inc.; Pat Foley, a representative of Allianz Life, and "other company representatives" as named persons.  The September 2 Administrative Complaint did not name, refer to, or include any allegations regarding Allianz AG.  After the 90 days had passed, however, on September 12, 2005, Lucius wrote a "clarification" to his Administrative Complaint, in which he stated for the first time that "This complaint is against the parent, Allianz AG, as well as the intermediate entity."  Firestone Aff. Exs. 1 & 2.

Where, as in this case, there is no issue of "mistaken identity," but rather a plaintiff simply fails to name a party in the original complaint as a matter of strategy or otherwise, an amendment naming that party will not relate back to the date of the original complaint. *Arkin v. MedCenters Health Care, Inc.*, No. Civil 4-88-907, 1990 WL 608203, at *8 (D. Minn. Apr. 17, 1990) (collecting cases) (Firestone Aff., Ex. 7). Thus, if the amended pleading that first names the additional party is filed after the applicable statute of limitations has expired, the claim against that party is time-barred. *Id.*

Here, Lucius did not name Allianz AG in his OSHA complaint until after the 90-day limitations period had expired. Accordingly, the Sarbanes-Oxley claim is time-barred as a matter of law and should be dismissed under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons set forth, the Third Party Complaint against Allianz AG should be dismissed with prejudice.

Dated: June 15, 2006                    **BRIGGS AND MORGAN, P.A.**


By  s/Julie H. Firestone
    Frank A. Taylor (#206155)
    Julie H. Firestone (#29083X)
    2200 IDS Center
    80 South Eighth Street
    Minneapolis, Minnesota 55402

    **ATTORNEYS FOR THIRD PARTY
    DEFENDANT ALLIANZ AG**