## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Personalized Brokerage Services, LLC,                   Civil No. 05-1663 (PAM/FLN)

                Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Charles Lucius; Insurance Formology,
LLC; Agency Backbone, LLC; and
Independent Brokerage, LLC;

                Defendants,

and

Charles Lucius,

                Third Party Plaintiff,

v.

Allianz AG, a/k/a Allianz AG Holding,
a/k/a Allianz Group,

                Third Party Defendant.

---

This matter is before the Court on Third Party Defendant Allianz AG's Motion to Dismiss the Third Party Complaint. For the reasons that follow, the Motion is granted.

## BACKGROUND

Plaintiff Personalized Brokerage Services, LLC (PBS) provides marketing for annuity, life, and long-term insurance care products. Defendant and Third Party Plaintiff Charles Lucius worked for PBS from April 2000 until June 2005 as its President and a

member of its board of managers.  Toward the end of his employment, Lucius formed the three Defendant corporations: Insurance Formology, Agency Backbone, and Independent Brokerage.  PBS commenced this action against Lucius and his companies on August 4, 2005, asserting that Lucius created the Defendant companies to compete directly with PBS and usurp its business opportunities, thereby breaching his fiduciary duties as a corporate officer.  PBS also alleges that Lucius wrongfully solicited its employees, misused its proprietary technology, and misappropriated its resources to create his new companies.  PBS filed an Amended Complaint on December 21, 2005.

On February 17, 2006, Defendants answered the Amended Complaint.  They later amended their Answer to include Lucius's Third Party Complaint against Third Party Defendant Allianz AG, a German corporation.  The relationship between Allianz AG and PBS is defined by a parent-subsidiary corporate structure.  Allianz Life Insurance Company of North America ("Allianz Life") is a wholly-owned subsidiary of Allianz AG.  Allianz Individual Insurance Group, LLC (AIIG) is a wholly-owned subsidiary of Allianz Life.  PBS is a Kansas limited liability corporation, wholly-owned by AIIG.  Lucius is suing Allianz AG under the Corporate and Criminal Fraud Accountability Act of 2002 ("the Sarbanes-Oxley Act"), 18 U.S.C. § 1514A, for wrongful termination and retaliation.[1]

---

[1]Title 18 U.S.C. § 1514A provides whistleblower protection to employees of publicly-traded companies.  It mandates in part that an employer may not discriminate against an employee because of the employee's lawful act in providing information to the employer, a federal agency, or Congress concerning violations of mail fraud, wire fraud, bank fraud, securities fraud, or fraud against shareholders.  See 18 U.S.C. § 1514A(a)(1).

## DISCUSSION

Allianz AG moves to dismiss the Third Party Complaint on four grounds: (1) improper service of process; (2) lack of personal jurisdiction; (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and (4) an administrative statute of limitations. Because the Court finds that each of the first three bases warrant dismissal, it does not address the last ground.

### A.     Service of Process

Typically, when considering a motion to dismiss, the Court must accept all factual allegations in a complaint as true and give all reasonable inferences to the nonmoving party. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990); Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, in addressing a motion to dismiss based on ineffective service of process, the Court necessarily must review matters outside the pleadings. See Devin v. Schwan's Home Servs., Inc., No. Civ. 04-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (Kyle, J.) (citing 5B Wright & Miller, Federal Practice and Procedure: Civil § 1353 (3d ed. 2004)). Review of this evidence does not require converting the motion to one for summary judgement. Id. Proper service is essential for a court to exercise jurisdiction over a party. See Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999); Printed Media Serv., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). Questions pertaining to a court's jurisdiction must be addressed before resolving issues on the merits. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

A party may serve process on a domestic or foreign company by delivering copies of the summons and complaint to an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(i).  If service is not made according to the pertinent state law, it is irrelevant whether the party intended to be served had actual notice of the lawsuit.  See MW Ag, Inc. v. N.H. Ins. Co., 107 F.3d 644, 647 (8th Cir. 1997) (applying Minnesota law on service of process).  If service of process on Allianz AG was deficient, the Court must dismiss the Third Party Complaint under Federal Rule of Civil Procedure 12(b)(5).

Allianz AG has a designated agent for service of process in California: Peter Huehne, Chief Financial Officer of Allianz of America Corporation, located at 777 San Marin Drive, Novato, California.  On April 13, 2006, Lucius's process server attempted to serve the Summons and Complaint on Allianz AG at this location.  However, the office building's security guard called Eric DeLong, a paralegal who works at Fireman's Fund Insurance Company, which is located in the same building.  The process server did not ask DeLong for identification, nor did he say he was attempting to serve Peter Huehne or Allianz AG.  DeLong believed the server was attempting to serve Fireman's Fund, and he did not look at the papers before accepting them.  By the time DeLong realized the mistake, the process server was gone.  Although Fireman's Fund and Allianz of America Corporation are located in the same office building, there is no relationship between the companies.

Lucius concedes that he did not serve an agent of Allianz AG, but he accuses Allianz AG of not "playing fair" by sending the wrong employee to accept service of process.  This

allegation is not supported by the facts.  There is no evidence that the security guard worked for Allianz AG or conspired with it to thwart service.  The same can be said for DeLong.  If Lucius is seeking to impose blame, he need look no further than his own process server who failed to identify the party he was attempting to serve and failed to request identification from DeLong.  Consequently, because Lucius did not serve an authorized agent of Allianz AG in accordance with Rule 4(h)(1), service of process was defective, and the Third Party Complaint must be dismissed.[2]

## B.     Personal Jurisdiction

Perhaps realizing that dismissal for lack of effective service was a foregone conclusion, Lucius asked the Court at the Motion hearing for leave to re-attempt service.  The Court denies this request because even if service was effective, Allianz AG would be entitled to dismissal for lack of personal jurisdiction.

The Court can exercise personal jurisdiction over a nonresident defendant if (1) Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied; and (2) the exercise of personal jurisdiction does not offend due process.  Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003).  Because Minnesota's long-arm statute extends the personal jurisdiction of Minnesota courts as far as due process allows, see e.g., In re Minn. Asbestos Litig., 552 N.W.2d 242, 246 (Minn.1996), the Court need only evaluate whether the exercise

---

[2]Lucius could have attempted to serve Allianz AG in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, but it admits that it has not attempted to do so.

of personal jurisdiction comports with the requirements of due process. See Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998).

Due process requires that the defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). There must be some act by which the defendant "purposefully avails itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). In contrast, contacts that are merely random, fortuitous, attenuated, or that are the result of "unilateral activity of another party or a third person" will not support personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citation omitted).

To determine the sufficiency of a defendant's conduct with the forum state, the Court examines five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relation between the contacts and the action; (4) the forum state's interest in the litigation; and (5) the convenience of the parties. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003). The third factor distinguishes between general and specific jurisdiction. Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995). General jurisdiction is present whenever a defendant's contacts with

the forum state are so "continuous and systematic" that it may be sued in the forum over any controversy, independent of whether the cause of action has any relationship to the defendant's activities within the state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Specific jurisdiction refers to jurisdiction over causes of action arising from or related to the defendant's actions within the forum state. Burger King, 471 U.S. at 472-73. The fourth and fifth factors are secondary to the analysis. Minn. Min. & Mfg. Co. v. Nippon Carbide Indus. Co., Inc., 65 F.3d 694, 697 (8th Cir. 1995). Finally, in examining these factors, the Court may consider matters outside the pleadings. See Stevens v. Redwing, 146 F.3d 538, 543, 546 (8th Cir. 1998).

Beginning with the nature, quality, and quantity of Allianz AG's contacts with Minnesota, the Court finds there are none. Allianz AG is a German corporation with its principal place of business in Munich, Germany. Allianz AG is not licensed to do business in Minnesota, and it does not transact business here. Allianz AG does not have an office or any employees here. Allianz AG's only contacts with Minnesota are its parent/subsidiary relationship with Allianz Life, which is located in Minnesota, and a reinsurance contract with Minnesota Life Insurance Company that reinsures two of Allianz AG's clients.

Implicitly conceding that Allianz AG's contacts with Minnesota are tenuous at best, Lucius pins his argument on the parent/subsidiary relationship of Allianz AG and Allianz Life. However, it is well-established that a court may not exercise personal jurisdiction over a parent corporation merely because it has jurisdiction over the subsidiary. See Epps, 327 F.3d at 648-49 (holding that "personal jurisdiction can be based on the activities of the . . .

7

subsidiary . . . only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego.") There is no evidence that Allianz Life was the alter ego of Allianz AG, and indeed, Lucius does not even allege such.

Lucius also suggests that the Sarbanes-Oxley Act has superseded the well-established line of case law on personal jurisdiction in a parent/subsidiary context, permitting him to sue a publicly-owned parent corporation in the forum where the subsidiary resides. However, such language is nowhere in the Act, and there is no case authority that the Act permits a court to dispense with jurisdictional prerequisites in this context. The Act simply establishes a cause of action, which Lucius is free to pursue, but not against Allianz AG in Minnesota.

Turning to the third factor, there is no nexus between Lucius's claims and Minnesota. The wrongful termination claim arises from a Kansas company's alleged termination of a Kansas employee, and thus, there is no specific jurisdiction. Nor is there any proof of continuous and systematic contacts with Minnesota sufficient to find general jurisdiction. The reinsurance contract is a simple commercial contract, which does not create general jurisdiction. See Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1103 (8th Cir. 1996); see also Nationwide Mut. Ins. Co v. Tryg Int'l Ins. Co., 91 F.3d 790, 794-97 (6th Cir. 1996) (holding that a prior reinsurance agreement and the defendant's participation in a reinsurance pool did not establish continuous and systematic contacts supporting general jurisdiction); Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 302 (9th Cir. 1986) (holding that no general jurisdiction existed over the underwriter of reinsurance policies).

The fourth and fifth factors also weigh in Allianz AG's favor.  Minnesota has no real interest in this litigation, as the case involves an employment relationship between a Kansas resident and his Kansas employer.  Moreover, Allianz AG is a German company.  Lucius has not shown how any of these entities would find litigating here convenient.

In sum, Lucius has failed to establish personal jurisdiction.  Allianz AG has not purposefully availed itself of the privileges of Minnesota, and it is not the alter ego of its subsidiary.  Further, its few contacts with Minnesota are random and attenuated.

## C.    Rule 12(b)(6)

Lucius's request to reserve his Third Party Complaint is also denied as futile because he has not stated a cause of action able to withstand Rule 12(b)(6).  In considering Allianz AG's request to dismiss under Rule 12(b)(6), the Court has accepted all factual allegations in the Third Party Complaint as true and drawn all inferences in Lucius's favor.  See Westcott, 901 F.2d at 1488; Morton, 793 F.2d at 187.  Nevertheless, the pleading contains no allegations of wrongdoing against Allianz AG.  Lucius does not contend that Allianz AG ever hired, supervised, exercised control over, or terminated him.  To the contrary, the Third Party Complaint alleges that "PBS terminated Third Party Plaintiff" and that "PBS violated 18 U.S.C. § 1514A when it discriminated against Third Party Plaintiff."  (Third Party Compl. ¶¶ 61, 67.)  There are no allegations linking Allianz AG to PBS's actions.  Cf. Carnero v. Boston Sci. Corp., 433 F.3d 1, 6 (1st Cir. 2006) (stating that a non-publicly traded subsidiary's retaliation against an employee could be actionable under the Sarbanes-Oxley Act if subsidiary was the parent's agent) (dicta); Brady v. Calyon Sec., 406 F. Supp. 2d 307,

319 (S.D.N.Y. 2005) (ruling against dismissal where the complaint alleged that all defendants, including the foreign parent companies, had retaliated against the plaintiff); Collins v. Beazer Homes USA, Inc., 334 F. Supp. 2d 1365, 1373 n.7 (N.D. Ga. 2004) (acknowledging that a non-publicly traded subsidiary could be liable under the Sarbanes-Oxley Act if the plaintiff's employment could have been affected by the parent). Thus, in addition to the previous grounds for dismissal, Lucius has not stated a claim on which relief could be granted.

**CONCLUSION**

This case is dismissed because Lucius did not effectively serve Allianz AG with the Summons and Complaint. Lucius's request for an opportunity to reserve the Third Party Complaint is denied because even if he properly effectuated service, he could not establish personal jurisdiction and he has not stated a claim upon which relief may be granted. Accordingly, **IT IS HEREBY ORDERED** that Third Party Defendant Allianz AG's Motion to Dismiss the Third Party Complaint (Docket No. 105) is **GRANTED**.

Dated: October 16, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge